IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

FORMAX, INC., an Illinois Corporation,

                                                                     Case No. 11-C-298

            Plaintiff,

  v.

ALKAR-RAPIDPAK-MP EQUIPMENT, INC.,
a Wisconsin Corporation and TOMAHAWK
MANUFACTURING, INC., a Wisconsin
Corporation,

           Defendants.

---

**ORDER DENYING PLAINTIFF FORMAX, INC.'S L.R. 7(h) EXPEDITED NON-DISPOSITVE MOTION TO STRIKE**

---

In the case at hand Plaintiff alleges that Defendants' product infringes on a patent directed at the frame structure of a food processing machine. Defendants filed a motion for summary judgment under this Court's Fast Track Summary Judgment (FTSJ) procedure on May 27, 2011. On June 15, 2011, Plaintiff filed a Civil L.R. 7(h) motion to strike Defendants' motion for summary judgment. In its motion to strike, Plaintiff argues that the complex nature of this patent case precludes resolution under the FTSJ procedure. For the reasons set forth herein Plaintiff's motion to strike will be denied.

This Court's special instructions for litigants provide that: "FTSJ may be used in cases in which an issue counsel believes is wholly or partially dispositive is narrow, discrete, and capable of early resolution without need for extensive discovery." Special Instructions to Litigants (available at http://www.wied.uscorts.gov.). In essence, the FTSJ procedure is intended to free

parties of the more cumbersome summary judgment procedure otherwise required under the local rules. *See* CIVIL L. R. 56. A party responding to such a motion, however, has the same procedural protection that parties have under Rule 56 of the Federal Rules of Civil Procedure. Under the FTSJ procedure this "Court (1) may stay unrelated discovery and other proceedings in the case in order to avoid unnecessary expense to the parties, or (2) extend the time for responsive briefing to permit related discovery and other proceedings in the case as contemplated by Fed. R. Civ. P. 56(f)." Special Instructions. And if more than three relatively brief affidavits or declarations are required to respond to the motion, leave to file additional material can be requested. *Id.*

Plaintiff argues that the FTSJ procedure is improper because the issues in this case are not narrow, discrete, or capable of early resolution. According to Plaintiff, this case will require: *Markman* hearings to interpret the claim terms, expert witnesses to determine literal infringement and/or infringement under the doctrine of equivalents, and discovery related to the accused product. But nothing in the rules prevent a court from conducting claim construction in the context of deciding a motion for summary judgment. To the extent expert opinion may bear on the issue, a party is free to offer such opinion by way of affidavit or declaration. And if additional time is necessary to conduct discovery needed to respond to the motion, Plaintiff is free to seek relief under Rule 56(d). Of course, if Plaintiff shows that there remains a genuine dispute as to any material fact, the motion must be denied. But if Defendants are correct and the case can be quickly disposed of on summary judgment without conducting extensive discovery, both parties will be spared great expense.

There is always the danger that by prematurely seeking summary judgment, a party may instead add to the expense rather than decrease it. But this is true of almost all motions. If denied, they will appear to have only added to the expense of the litigation. There is no reason to assume

that Defendants are interested in adding to the expense of the lawsuit, however, and they apparently believe that the dispute can be resolved without the time and expense of complete discovery. If they are mistaken, Plaintiff can explain why in its response to their motion. A motion to strike is not the appropriate way to challenge their argument.

Accordingly, and for the reasons set forth herein, Plaintiff's Civil L. R. 7(h) motion to strike (Dkt. 19) is **denied.**

Dated this 16th day of June, 2011.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge