UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FORMAX, INC., an Illinois Corporation,

    Plaintiff,

v.                                           Case No. 11-C-298

ALKAR-RAPIDPAK-MP EQUIPMENT, INC.,
a Wisconsin Corporation and TOMAHAWK
MANUFACTURING, INC., a Wisconsin
Corporation,

    Defendants.

**ORDER DENYING DEFENDANTS' 7(h) MOTION TO CLARIFY**

On August 16, 2011, this Court issued an order, Docket 42-1, granting in part and denying in part a motion for fast-track summary judgment brought by Alkar-Rapidpak-MP Equipment, Inc. and Tomahawk Manufacturing, Inc. (Defendants) that sought determination of non-infringement of Formax Inc.'s (Formax's) U.S. Patent No. 7,318,723 (the '723 patent). This matter is now before me on Defendants' 7(h) motion "to clarify" that the August 16 Order limits the remaining issues in the case to whether Claim 8 has been infringed, either literally or under the doctrine of equivalents, and whether Claim 13 has been infringed under the doctrine of equivalents only. (ECF 50 at 1.) Defendants' motion also requests reconsideration of the Court's denial of summary judgment for non-infringement of Claim 13 under the doctrine of equivalents. For the reasons set forth herein, Defendants' 7(h) motion will be denied.

Defendants claim to seek clarity. But this Court's August 16 Order stated: "Defendants' motion for summary judgment of non-infringement will be GRANTED as to literal infringement of Claim 13; it is DENIED *in all other respects*." (ECF 42-1 at 8) (emphasis added). In other words, besides a determination of literal non-infringement of Claim 13, the order plainly denied resolution of all others arguments. Thus, as Formax notes, through their motion for clarification Defendants are actually "asking the Court to reconsider its opinion and reverse itself." (ECF 51 at 1.)

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665–66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Defendants have not presented new evidence — in fact, very little evidence even exists at this stage. Nor have the Defendants pointed to new controlling law. Instead, Defendants simply reiterate arguments made in their motion for fast-track summary judgment.

Defendants first argue Formax failed to oppose Defendants' arguments that claims 1–7, 9, and 19–21 all "expressly require hydraulics." (ECF 50 at 2.) However, discovery has yet to occur. As such, the record is currently bare; it does not reflect that the accused former lacks hydraulics or

2

Case 1:11-cv-00298-WCG   Filed 09/14/11   Page 2 of 3   Document 52

Defendants claim to seek clarity. But this Court's August 16 Order stated: "Defendants' motion for summary judgment of non-infringement will be GRANTED as to literal infringement of Claim 13; it is DENIED *in all other respects*." (ECF 42-1 at 8) (emphasis added). In other words, besides a determination of literal non-infringement of Claim 13, the order plainly denied resolution of all others arguments. Thus, as Formax notes, through their motion for clarification Defendants are actually "asking the Court to reconsider its opinion and reverse itself." (ECF 51 at 1.)

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665–66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Defendants have not presented new evidence — in fact, very little evidence even exists at this stage. Nor have the Defendants pointed to new controlling law. Instead, Defendants simply reiterate arguments made in their motion for fast-track summary judgment.

Defendants first argue Formax failed to oppose Defendants' arguments that claims 1–7, 9, and 19–21 all "expressly require hydraulics." (ECF 50 at 2.) However, discovery has yet to occur. As such, the record is currently bare; it does not reflect that the accused former lacks hydraulics or

that it is not the equivalent of a device that employs hydraulics. If, after discovery, Defendants can demonstrate these absences, they can move for summary judgment, but in the meantime the evidence is sparse and resolution of these issues would be premature. Consequently, Formax's alleged failure to respond is not controlling and Defendants' motion "to clarify" does not change the scope of this Court's original order.

Defendants also reiterate their argument that the accused former's servo units are more than insubstantially different from the hydraulics of the '723 patent. (*Id.* at 2.) Defendants thus urge me to declare the servo units cannot infringe Claim 13 under the doctrine of equivalents. As noted in the original order, the question of whether a product infringes under the doctrine of equivalents does not lend itself to resolution on a limited record. Furthermore, while Formax's expert suggested the servo units actually infringe under the doctrine of equivalents, Defendants presented no such expert evidence to counter or question this determination. As stated both above and in the original order, an adequate factual record does not yet exist and Formax has not yet had opportunity to conduct the discovery it claims is needed to fairly address the non-infringement argument. Defendants' motion for reconsideration with respect to Claim 13 is therefore denied.

In sum, Defendants' 7(h) "motion for clarification" fails to show a need to correct manifest errors of law or fact. As stated in the August 16 Order, except for the Court's sole determination of literal non-infringement of Claim 13, all other infringement arguments remain in the case. Accordingly, Defendants' motion for clarification, Docket 50, is **DENIED**.

Dated this   14th   day of September, 2011.

                                             s/ William C. Griesbach
                                             William C. Griesbach
                                             United States District Judge