UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FORMAX INC.,

        Plaintiff,

  v.                                                                          Case No. 11-C-0298

ALKAR-RAPIDPAK-MP EQUIPMENT INC.
and TOMAHAWK MANUFACTURING INC.,

        Defendants.

**ORDER**

Defendants have filed several exhibits under seal in support of their motion for leave to file a first amended answer (ECF No. 83). In addition, Plaintiff has filed a motion to compel (ECF No. 86), and in conjunction with that motion, Plaintiff moves to seal (ECF No. 85) their motion to compel and two exhibits accompanying the motion. The parties are apparently in agreement that all of the material should be sealed.

The parties should understand that there are no guarantees that documents they designate "confidential," once made a part of the record before the Court, will remain confidential and maintained under seal. The long-standing tradition in this country is that litigation is open to the public. *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("Calling a settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination). Many a litigant would prefer that the subject of the case--how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on-be kept

from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing."); *see also Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346 (7th Cir. 2006) ("What happens in the federal courts is presumptively open to public scrutiny."). The records and decisions of the courts should be within the public's view to allow the public access to the reasoning upon which judicial decisions rest. *See Leavell*, 220 F.3d at 567.

For this reason, the parties should be aware that the Court is not bound by the designation of material as confidential by the parties under the Protective Order and, to the extent necessary to reveal the Court's reasoning process, material bearing such a designation that is made a part of the record may be disclosed absent a showing of good cause. Under certain circumstances, third parties can also challenge the parties' designation of information made a part of the record as confidential. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36-37 (1984). Furthermore, in the event an appeal is taken from any order of this Court, no part of the record will remain sealed absent a specific finding of good cause.

That said, the Court understands that there may be good cause for maintaining confidential information under seal. However, the parties must explain their justification. The mere fact that the parties agree that a document should be sealed does not make it so. In this district, General L.R. 79(d) governs the procedure for filing material that a party has designated confidential under seal. Subsection (4) states that "[a]ny motion to seal *must be accompanied by proof of good cause* for withholding the material from the public record." General L.R. 79(d) (emphasis added). Subsection (6) requires that any material marked confidential that a party wishes to file with the court "must be filed under seal by the filing party with the Clerk of Court in an envelope marked 'SEALED.'" The party filing the material designated "confidential" has two options:

> Any party filing material claimed to be confidential under subsection (6) must include with that filing either: (1) a motion to seal the material pursuant to this rule; or (2) an objection to the designation of the material as confidential and a statement that the objection to the designation has been provided to the person claiming

confidentiality. If such an objection is made, the person having designated the material as confidential may file a motion to seal under this rule within 21 days of the objection.

General L. R. 79(d)(7).

In other words, when filing material claimed to be confidential and necessary to keep from the public record, a party must file a motion to seal that states why there is good cause to seal the material. In the alternative, if the party filing the confidential information was not the party that designated the material confidential, then they should so state by noting an "objection." Such an objection simply allows the filing party to shift to the party that made the designation the burden of establishing good cause for sealing the material within 21 days. In addition, although the rule does not specifically so state, the parties should confer before filing confidential material–as they did in this case–in an effort to minimize filing unnecessary motions to seal where neither party believes good cause exists to shield the information from the public.

With regard to the motion to seal filed at docket entry number 85, the plaintiff states that Exhibits 4 and 5 to the declaration of Joseph R. Dunn were designated confidential by the defendants. Thus, it appears that the plaintiff's motion should have been an "objection" such that the defendants would have the burden to establish good cause for maintaining the material under seal. To the extent that Plaintiff attempted to establish good cause, more is required than stating the material is "confidential." *See, e.g.*, *Forst v. Smithkline Beecham Corp.*, 639 F. Supp. 2d 948, 956 (E.D. Wis. 2009) (explaining that to establish good cause, a party must show that disclosure of the confidential information will result in a "clearly defined and very serious injury") (quoting *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 341 (N.D. Ill. 1998)). Moreover, to the extent that there may be good cause to seal the confidential information, redacted versions of their brief and exhibits should be filed in the public record absent some justification for sealing an entire document. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("[B]oth judicial opinions and litigants'

briefs must be in the public record, if necessary in parallel versions–one full version containing all details, and another redacted version with confidential information omitted").

Based on the foregoing, the party who has designated as confidential the material specified in docket entry number 83 and the material identified in the motion to seal at docket entry number 85 must provide good cause to maintain the material under seal now that it has been filed with the Court**.**  Failure to do so within 15 days will result in the material being unsealed.  In the alternative, the material designated confidential may be withdrawn on agreement of the parties.

**SO ORDERED** this   24th   day of April, 2013.

                                      s/ William C. Griesbach
                                      William C. Griesbach, Chief Judge
                                      United States District Court