UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FORMAX INC.,

        Plaintiff,

v.                                                          Case No. 11-C-0298

ALKAR-RAPIDPAK-MP EQUIPMENT, INC.
and TOMAHAWK MANUFACTURING INC.,

        Defendants.

**ORDER**

      Before me now are two motions to seal documents filed in conjunction with Defendants' Motion for Partial Summary Judgment. Both parties designated certain exhibits to the May 3, 2013 Declaration of T. Wickham Schmidt as confidential pursuant to the Protective Order entered in this case. For the reasons that follow, the Defendants' motion (ECF No. 92) will be granted and the Plaintiff's Motion (ECF No. 104) will be granted in part.

      First, Defendants request to maintain Exhibits 8, 9, and 26 to the Schmidt Declaration under seal. Exhibits 8 and 9 contain historical sales and customer information concerning Defendants' accused products. Exhibit 26 contains portions of the Rule 30(b)(6) deposition of Robert Tournour, some of which discusses research and development expenditures. Defendants contend that each exhibit contains confidential business information concerning volume of sales, pricing information on accused products, and/or information regarding expenditures on research and development. In support of their motion, Defendants point out that they are not publicly-traded companies and their financial and sales information, as well as research and development expenditures are not otherwise

subject to disclosure. They assert that unless the documents remain sealed from public view, the information contained in the documents has the potential to cause commercial and competitive harm.

Plaintiff also seeks to maintain Exhibits 3, 7, and 15-21 to the Schmidt Declaration under seal. It contends that Exhibit 3 contains graphs and figures that depict sensitive, confidential information relating to its machine unit sales and revenue, as well as machine sales forecasts. Exhibit 7 is a document listing historical data related to services rendered under Plaintiff's Patty Service Warranty. Plaintiff asserts that Exhibit 7 contains confidential customer information, descriptions of purchases, and sales data. Exhibits 15-20 are internal trip reports, and Plaintiff argues these documents contain sensitive, confidential information concerning its customer relationships, purchase history, sales and pricing, and marketing and competitive strategies. Exhibit 21 contains email correspondence, which Plaintiff claims contains sensitive, confidential information describing its marketing and competitive strategies. Plaintiff argues that it would be placed at a significant competitive disadvantage if the information were revealed to the general public or its competitors.

Where confidential material is non-dispositive, or where documents contain "trade secrets or other categories of bona fide long-term confidentiality," sealing may be appropriate. *Baxter Intern., Inc. v. Abbott Laboratories*, 297 F.3d 544, 547 (7th Cir. 2002). *See also Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002) (finding redactions may be warranted "in order to protect trade secrets or other compelling interests in secrecy."); *SmithKline Beecham Corp. v. Pentech Pharmaceuticals, Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) ("[P]ortions of documents that are shown to contain trade secrets, or other information that would cause undue private or public harm if disclosed, as by invading personal privacy gratuitously, may be kept under seal."). For example, documents containing sensitive pricing information, sales figures, sales dollar amounts,

profit and loss data, and other financial records not normally made known to the public may be properly filed under seal. *See, e.g.*, *E.E.O.C. v. Abbott Laboratories*, 10-C-833, 2012 WL 3842460, at *2 (E.D. Wis. Sept. 5, 2012). Maintaining a document under seal may be necessary where public disclosure of the information would effectively afford "other firms an unearned competitive advantage–unearned because the issue of public disclosure arises from the adventitious circumstance of the [document]'s having become caught up in litigation and as a result having become filed in court." *SmithKline*, 261 F. Supp. 2d at 1008.

Defendants have shown good cause for maintaining the confidentiality of Exhibits 8 and 9. Likewise, to the extent that Defendants' research and development expenditures are discussed in the Tournour deposition, those portions may be redacted, and the redacted version of Exhibit 26 may be filed in the public record. The unredacted version of the same may remain under seal. *See, e.g., Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1031-32 (7th Cir. 1996) ("Judicial proceedings are presumptively open, but particular information may be withheld."). Therefore, Defendants' motion to seal will be granted.

Likewise, Plaintiffs have provided good cause to maintain Exhibits 3 and 7 under seal. In addition, only portions of Exhibits 15, 16, 17, 18, 19, and 20 containing confidential information concerning customer names, purchase history, sales and pricing, or marketing strategies may be redacted. Redacted versions of these Exhibits are to be filed in the public record, and the unredacted versions may remain under seal. However, there does not appear to be good cause to keep the information contained in Exhibit 21 under seal. The document contains email communications that include observations concerning Plaintiff's competitors, but offers no strategies, advice, or other information for which it appears there is a compelling need to keep private. Plaintiff has not provided any further explanation for why this information meets the standard of good cause required to keep the document from the public. Therefore, Plaintiff's

motion to seal will be granted as to Exhibits 3, 7, 15, 16, 17, 18, 19, and 20. It will be denied as to Exhibit 21.

Plaintiffs have also indicated that although they had previously designated documents contained in Exhibits 2, 14, 22-24, and 27 to the Schmidt Declaration as confidential, they do not object to these exhibits being filed in the public record. Therefore, Exhibits 2, 14, 22, 23, 24, and 27 will also be unsealed.

**BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Defendants' Motion to Seal (ECF No. 92) shall be **GRANTED**. Exhibits 8, 9, and 26 to the May 3, 2013 Declaration of T. Wickham Schmidt shall remain under seal, and Defendants are directed to file a redacted version of Exhibit 26.

Plaintiff's Motion to Seal (ECF No. 104) shall be granted in part and denied in part. Plaintiff's motion to seal is **GRANTED** as to Exhibits 3, 7, 15, 16, 17, 18, 19, and 20 to the May 3, 2013 Declaration of T. Wickham Schmidt. These Exhibits will remain under seal, and Plaintiff is directed to file redacted versions of the same as appropriate based on the above discussion. Plaintiff's motion is **DENIED** as to Exhibit 21, and the Clerk is directed to unseal this document. The Clerk shall also unseal Exhibits 2, 14, 22, 23, 24, and 27 to the May 3, 2013 Declaration of T. Wickham Schmidt because Plaintiff has withdrawn its designation of these exhibits as confidential for purposes of resolution of the motion for partial summary judgment.

**SO ORDERED** this   5th   day of June, 2013.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court