# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FORMAX INC.,

        Plaintiff,

    v.                                         Case No. 11-C-0298

ALKAR-RAPIDPAK-MP EQUIPMENT, INC.
and TOMAHAWK MANUFACTURING INC.,

        Defendants.

## ORDER

Before me now are three motions to seal documents filed in relation to the defendants' motion for partial summary judgment. Both parties designated certain exhibits to the June 19, 2013 Declaration of Timothy J. Barron as confidential pursuant to the Protective Order entered in this case, and Formax also moved to seal its response brief and statement of facts. For the reasons that follow, Formax's motion (ECF No. 114) and Defendants' motion (ECF No. 125) will be granted. In addition, Formax moved to seal the defendants' reply brief in support of their motion for partial summary judgment and two related exhibits to the July 12, 2013 supplemental declaration of T. Wickham Schmidt. Formax's motion (ECF No. 135) will also be granted.

Motions to seal are becoming increasingly common and occupy an increasing portion of the court's time. In litigation involving businesses especially, it is common for one or both parties to request entry of a protective order to govern the handing information they may be obligated to disclose in discovery that the disclosing party believes could damage its business if the information is disclosed to the wider general public, including their competitors. The typical protective order

requested by the parties allows the disclosing party to designate such information "confidential" and thereby create a duty on the part of the receiving party to avoid any further disclosure of the information than is necessary to conduct the litigation. The benefit of such an order is that it increases a party's willingness to respond to discovery requests without involving the court on closer questions because of fear that providing information that is not directly relevant may cause injury to their businesses. The difficulty arises when the one of the parties decides to include information from a document designated "confidential" as part of a court filing. The standard protective order states that if information from a document designated "confidential" by another party is filed with the court, it must be sealed. Filing documents under seal, however, conflicts with the general rule that litigation in the courts of the United States is open to the public. *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000).

Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good cause," enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." But sealing documents filed with the court is the exception, not the rule. Materials that enter the court record "that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Intern., Inc. v. Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir. 2002); *see also In re Violation of Rule 28(D)*, 635 F.3d 1352, 1360 (Fed. Cir. 2011) ("Rule 26(c)(1)(G) is limited to commercial information that has . . . genuine competitive or commercial significance."); *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002) (finding redactions may be warranted "in order to protect trade secrets or other compelling interests in secrecy."); *SmithKline Beecham Corp. v. Pentech Pharmaceuticals, Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) ("[P]ortions of documents that are shown to contain trade secrets,

or other information that would cause undue private or public harm if disclosed, as by invading personal privacy gratuitously, may be kept under seal.").

It is not enough to simply assert that disclosure would place a party at a competitive disadvantage. As the Seventh Circuit explained in *Baxter,* a party seeking such relief must explain how disclosure would cause harm and why the harm predicted warrants secrecy:

> Beyond asserting that the document must be kept confidential because we say so (the "agreement is, by its terms, confidential"), this contends only that disclosure "could ... harm Abbott's competitive position." How? Not explained. Why is this sort of harm (whatever it may be) a legal justification for secrecy in litigation? Not explained.

297 F.3d at 547. The mere fact that a party would prefer to keep its information confidential is not a sufficient reason for sealing it once it is entered into the public record. *Union Oil Co.*, 220 F.3d at 567 ("Many a litigant would prefer that the subject of the case-how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on-be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing.").

Thus, in order to show good cause to file a document or a portion of a document under seal, the party requesting protection must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l*, 297 F.3d at 548. "Rule 26 of the Federal Rules of Civil Procedure gives courts 'broad latitude to grant protective orders' and equally broad discretion to deny such orders," *F.T.C. v. Payday Financial, LLC*, No. CIV 11-3017-RAL, 2013 WL 368361, * 2 (D.S.D. Jan. 30, 2013) (quoting 8A Charles Alan Wright, Arthur R. Miller & Richard Marcus, FEDERAL PRACTICE & PROCEDURE § 2043 (2010)), and the rule is designed to be "highly flexible," see *Gill v. Gulfstream Park Racing Association*, 399 F.3d 391, 402 (1st Cir. 2005).

Given the requirement of good cause for sealing material filed with the court and the various factors that go into determining whether good cause exists in a given case, the determination whether to grant a motion to seal is not always a simple matter. The parties submit briefs addressing each document they wish the court to maintain under seal, and the court must read their briefs and issue a decision applying the law to the facts before it. This diverts time and attention from the merits of the case and forces the parties and the court to devote time and resources to tangential issues that do not contribute to the resolution of the case. These diversions can be minimized if the parties exercise greater restraint in designating material confidential and, perhaps more importantly, give careful consideration *before* filing confidential material with the court.

Here, for example, Formax filed the death certificate of the inventor to establish that he died before the defendants began their alleged infringement and thereby demonstrate that they did not suffer prejudice from Formax's delay in bringing suit. (ECF No. 122-5.) Formax then requests the court to seal the death certificate because it contains the decedent's social security number and the law of the state in which he died prohibits modifying the certificate by redacting the parts of it. But why was it necessary to file the death certificate in the first place? Was the date of death really in dispute? This is just one example, but it appears that many of the documents the parties ask the court to seal need not be placed in the record in the first place. Either the information that truly merits a designation of "confidential" can be excised or the parties can stipulate to the relevant facts the document is intended to establish. The parties should consider these options in the future.

Most of the documents at issue here contain financial information. Documents containing highly sensitive pricing information, sales figures, sales dollar amounts, profit and loss data, and other financial records not normally made known to the public may be properly filed under seal. *See, e.g.*, *E.E.O.C. v. Abbott Laboratories*, 10-C-833, 2012 WL 3842460, at *2 (E.D. Wis. Sept. 5,

2012). Maintaining a document under seal may be necessary where public disclosure of the information would effectively afford "other firms an unearned competitive advantage–unearned because the issue of public disclosure arises from the adventitious circumstance of the [document]'s having become caught up in litigation and as a result having become filed in court." *SmithKline*, 261 F. Supp. 2d at 1008.

At the same time, not all pricing information or customer lists are entitled to protection. Who a business' customers are and what it charges for its goods and services usually are not trade secrets. In Wisconsin, customer lists are not generally afforded protection as trade secrets. *See Gary Van Zeeland Talent, Inc. v. Sandas*, 84 Wis.2d 202, 209, 267 N.W.2d 242 (1978). And, of course, the customer who pays the price for the goods or services necessarily knows what he paid and, absent a confidentiality agreement, is free to disclose the amount to others. Most customers typically shop around to see who has the best price. A company's gross revenue and market share are also not the kind of information that self-evidently poses a risk of unfair competition from one's competitors. Absent further explanation, the fact that documents contain such information does not constitute good cause for sealing them.

### A.    Formax's Motions to Seal (ECF Nos. 114 and 135)

First, Formax requests to maintain Exhibits 3, 7, and 8 to the Barron Declaration under seal. Exhibit 3 contains minutes from a Formax meeting held in 2006, including information regarding Formax's competitive strategies. Exhibit 7 is a market share presentation prepared by Formax personnel containing information regarding Formax's competitive market for the years 2004 to 2010. Exhibit 8 is the official death certificate of Wilber Janssen issued by the State of Missouri. In support of their motion, Formax contends it would be placed at a significant competitive disadvantage if the information discussed in Exhibits 3 and 7 were revealed to the general public.

In addition, it asserts that death certificate in Exhibit 8 contains sensitive, confidential personal information that identifies Mr. Janssen's date of birth and social security number. Moreover, Formax argues that Missouri law prohibits any alteration of an official certificate issued by the state of Missouri, and therefore, it is unable to submit a redacted certificate.

In addition, Formax seeks to maintain Exhibit 30 to the Supplemental Schmidt Declaration under seal. The exhibit contains detailed information related to Formax's machine unit and part sales volume, revenue, cost of production, and other related financial information. Formax contends that public disclosure of the information would place Formax at a significant competitive disadvantage. Formax also seeks to file redacted versions of Exhibit 37 to the Supplemental Schmidt Declaration and redacted versions of the defendants' reply brief and responses to Formax's proposed statement of facts. Formax contends that these documents each contain commercially sensitive information. It also argues Exhibit 37, which contains portions of the deposition of Tom Wolcott, additionally contains confidential information identifying Formax's customers and customer relation strategies.

Formax has shown good cause for maintaining the confidentiality of the Exhibits 3 and 8 to the Barron Declaration and Exhibit 30 to the Supplemental Schmidt Declaration under seal. Likewise, to the extent that Exhibit 37 to the Supplemental Schmidt Declaration, Formax's response brief and statement of facts, and the defendants' reply brief and response to Formax's statement of facts contain descriptions of the confidential information contained in Exhibits, the information may be redacted, and the redacted versions of the documents may be filed in the public record. The unredacted versions of the same may remain under seal. *See, e.g., Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1031-32 (7th Cir. 1996) ("Judicial proceedings are presumptively open, but particular information may be withheld.").

However, Formax's justification for why the market analysis in Exhibit 7 to the Barron Declaration should remain under seal is less convincing. The document contains summaries of the Formax's competitive market share for the years 2004 and 2007 and estimates for the years 2009 and 2010 as well as brief descriptions of its competitors' statuses and trends in the market. It is not apparent how disclosure of general historical information such as that contained in Exhibit 7 would cause Formax any competitive disadvantage. For example, in this regard, it differs from the detailed, product-specific sales volume and cost data contained in Exhibit 30. Nevertheless, to the extent that the document includes a brief analysis of Formax's competitors, the information arguably contains sufficiently sensitive information worthy of being shielded from public view. Accordingly, the exhibit may remain under seal, and Formax may file a public version of the exhibit that redacts any very limited portions of the document that analyze trends or competitor updates that would cause Formax competitive harm if revealed.

**B.      Defendants' Motion to Seal (ECF No. 125)**

Defendants also seek to maintain under seal Exhibits 5, 6, 14, and 15 to the Barron Declaration. Exhibit 5 contains Defendants' second supplemental response to Formax's interrogatories. Defendants contend these responses include sensitive, confidential information that identifies their customers, and describes purchases and sales amounts. Exhibit 6 is a confidential draft purchase agreement that the defendants' claim contains sensitive information relating to sales agreements with individual customers and attendant pricing information. Exhibit 14 contains emails, one of which contains an attached price quote that identifies one of the defendants' customers along with descriptions of purchases and sales amounts. Finally, Exhibit 15 is an invoice, which the defendants contend also contains sensitive, confidential information regarding customers, purchases, and sales amounts.

Defendants have shown good cause for maintaining the confidentiality of Exhibit 15 to the Barron Declaration.  Likewise, to the extent that Exhibits 5 and 6 to the Barron Declaration contain descriptions of confidential information relating to particular sales, purchases, and pricing agreements and figures, the information may be redacted, and the redacted versions of the documents may be filed in the public record.   The unredacted versions of the same may remain under seal.  *See, e.g., Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1031-32 (7th Cir. 1996) ("Judicial proceedings are presumptively open, but particular information may be withheld."). Similarly, Defendants may file a redacted version of Exhibit 14 to the Barron Declaration, and the unredacted version may remain sealed.

Defendants have also indicated that although they had previously designated documents contained in Exhibits 2, 9, 12, 13, 16, and 19-29 to the Barron Declaration as confidential, they do not object to these exhibits being filed in the public record.  Therefore, Exhibits 2, 9, 12, 13, 16, and 19-29 will be unsealed.

**BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

 Formax's Motions to Seal (ECF Nos. 114 and 135) shall be **GRANTED**.  Exhibits 3 and 8 to the Barron Declaration (ECF No. 113) and Exhibit 30 to the Supplemental Schmidt Declaration (ECF No. 127) shall remain under seal.  In addition, Exhibit 7 to the Barron Declaration, Exhibit 37 to the Supplemental Schmidt Declaration, Formax's response brief and statement of facts (ECF Nos. 120 and 121), and Defendants' reply brief and response to Formax's statement of facts (ECF Nos. 131 and 132) will remain under seal, and Formax is directed to file redacted versions of the same in accordance with the above discussion.

 In addition, Defendants' Motion to Seal (ECF No. 125) shall be **GRANTED**.  Exhibit 15 to the Barron Declaration (ECF No. 113) shall remain under seal.  In addition, Exhibits 5, 6, and

14 to the Barron Declaration will remain under seal, and Defendants are directed to file redacted versions of the same as appropriate based on the above discussion. The Clerk shall also unseal Exhibits 2, 9, 12, 13, 16, and 19-29 to the Barron Declaration because Defendants have withdrawn their designation of these exhibits as confidential for purposes of resolution of the motion for partial summary judgment.

      **SO ORDERED** this  25th  day of February, 2014.

                     s/ William C. Griesbach
                    William C. Griesbach, Chief Judge
                    United States District Court