UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FORMAX, INC.,

        Plaintiff,

v.                                   Case No. 11-C-298

ALKAR-RAPIDPAK-MP EQUIPMENT, INC.
and TOMAHAWK MANUFACTURING, INC.,

        Defendants.

**ORDER ON MOTIONS TO SEAL**

Three recent motions to seal remain pending. These motions constitute the twelfth, thirteenth and fourteenth motions to seal filed in this action.

**1.** The first (ECF No. 229) asks to seal redacted portions of an expert damages report and a redacted reply to a statement of facts. Previously a similar motion was denied on the grounds of overbreadth, but the present motion asks to seal only a very limited portion of those documents. My review of them indicates that the majority of the information contained therein will remain public and that counsel has appropriately limited the scope of what will be sealed through redactions. The motion will therefore be granted.

**2.** The second motion (ECF No. 235) asks to seal a response brief and several exhibits. The motion will be denied in its entirety. The exhibits are alleged to contain "sensitive pricing information," but instead all they contain are expert witnesses' projections about prices that *might* have been realized in a hypothetical world, namely, a world without the Defendants' infringement.

For example, Exhibit C contains nine pages of deposition transcripts of Julie Davis, an expert witness. (ECF No. 233-25.) In these transcripts Davis makes relatively benign and generic statements about hypothetical pricing. There are no sales data or actual numbers discussed at all. It is impossible to envision how one expert's opinion about one company's hypothetical (i.e., non-existent) sales could cause competitive harm.

Exhibit D is also alleged to contain "sensitive" price information, particularly the price at which Formax would have sold its products but-for the infringement. (ECF No. 233-26.) But that estimate is the essence of the expert's opinion. It is not actual company data but merely an extrapolation, based on her expertise, about products that *would* have been sold—not products that *were* sold. This is not the kind of trade secret or confidential business information that deserves confidentiality. It does not even qualify as confidential "information" or "data" at all. It is simply one expert's view of lost profits.

Exhibit E contains the excerpts from the Defendants' expert report that discuss Ms. Davis' conclusions. (ECF No. 233-27.) Once again there is no actual pre-existing data in these reports, and so there is nothing to seal.

Exhibit S is Ms. Davis' schedule showing lost profits. For the reasons already cited, nothing in this schedule shows *actual* business data. It merely sets forth one expert's conclusions about profits that might have, but were *not*, realized.

Finally, the motion asks to seal the opposition brief itself because the brief discusses Davis' conclusions in detail. Because there is no data worthy of sealing, however, there is no reason to seal the brief. In sum, these documents constitute the essence of the damages portion of this case, and as such they are central to any finding a jury might make. There is no precedent even suggesting

that an expert's projections about lost profits are themselves trade secrets or other confidential information; such protections extend only to actual sales figures, customer lists, and the like. Accordingly, the motion will be denied. *Marine Travelift, Inc. v. Marine Lift Systems, Inc.,* 2013 WL 4087555, *3 (E.D.Wis., August 13, 2013) (denying motion to seal because "[t]he disclosures do not contain any specific projected sales or discount information. Instead the disclosures only contain the general range of Marine Travelift's estimated lost profits.")

**3.** The third motion (ECF No. 262) asks for similar relief. It asks that certain excerpts from Davis' expert report be sealed on the grounds that sensitive business information is contained therein. However, my review of the document (ECF No. 227) indicates that it merely contains Davis' conclusions after applying the so-called *Panduit* factors for lost profits. Again, these are extrapolations about profits that have not actually been realized rather than actual pricing or sales data from the business itself. To the extent I ruled earlier that similar information may be sealed, that was error. (ECF No. 145 at 6.)

For the reasons given above, ECF No. 229 is **GRANTED**, and the redacted portions of the documents (attached to the brief) may be maintained under seal. The other motions (235 and 262) are **DENIED**. Given that the parties have recently reached settlement, however, they may withdraw from the record any documents they wish to keep confidential. They are instructed to alert the clerk's office within ten days as to which documents they wish to remove.

**SO ORDERED** this 23rd day of July, 2014.

   /s William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court